IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC. | CIVIL ACTION |
| v. | CASE NO. |
| KLOCKWORK TRUCKING, LLC;<br>TONIDO DIXON; HARRIS STORAGE &<br>DISTRIBUTION, INC.; and GARY SMILEY | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff OOIDA Risk Retention Group, Inc., by and through their attorneys, Wright & O'Donnell, P.C., hereby submits this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and in support thereof states the following:

## THE PARTIES

1. Plaintiff OOIDA Risk Retention Group, Inc. (hereinafter referenced as "Plaintiff OOIDA"), is an insurance company incorporated under the laws of Vermont with a corporate address of 58 East View Lane, Suite Two, Barre, VT 05641, with its agent located at 1 OOIDA Drive, Grain Valley, Missouri 64029.

2. Upon information and belief, Defendant Klockwork Trucking, LLC (hereinafter "Defendant Klockwork") is a business entity, organized and existing under the laws of the State of New Jersey, with a principal place of business located at 314 Poplar Road, Millville, NJ 08332.

3. Upon information and belief, Defendant Tonido Dixon (hereinafter "Defendant Dixon") is an individual and the principal of Klockwork Trucking, LLC, residing at 314 Poplar Road, Millville, New Jersey 08332.

4. Upon information and belief, Defendant Harris Storage & Distribution, Inc. (hereinafter referenced as "Defendant Harris"), is a business entity organized and existing under the laws of the State of New Jersey, with a principal place of business located at 328 North 2nd Street, Millville, NJ 08332.

5. Upon information and belief, Defendant Gary Smiley is an individual and a resident of the State of New Jersey with an address of 21 Queen Road, Millville, NJ 08332.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the dispute between these parties based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332 (a)(2), as Plaintiff OOIDA is a citizen of both the States of Missouri and Vermont, and none of the Defendants are citizens of the same state as Plaintiff.

7. Upon information and belief, the claims of the underlying Plaintiff, as described later in this Complaint, against these Defendants involve an amount in controversy in excess of the jurisdictional limit of $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 (a)(1) and (2), as the Defendants reside in the State of New Jersey, all the Defendants do business in New Jersey, and all or almost all of the events or omissions giving rise to the claims in this matter occurred within the State of New Jersey.

## FACTS

### A. The Underlying Accident

9. This matter arises out of an automobile accident which that allegedly occurred on or about December 2, 2017, on New Jersey State Highway 77 in the area of Milepost 5, Upper Deerfield Township, Cumberland County, New Jersey. See New Jersey Police Crash Investigation Report attached at Exhibit "A."

10. Upon information and belief, underlying Plaintiff Harry M. Graham (hereinafter referenced as "Underlying Plaintiff") was injured in the above-mentioned accident, when the tractor-trailer he was operating collided with a tractor owned by Defendant Dixon, being operated without permission by Defendant Smiley. See Exhibit "A."

**B. The Underlying Lawsuit**

11. Since the accident and alleged injuries in question, Plaintiff OOIDA has been notified that suit was filed in the Superior Court of New Jersey, Law Division, Salem County styled at <u>Harry M. Graham, Plaintiff v. Gary W. Smiley, Tonido T. Dixon, Klockwork Trucking, LLC, Harris Storage & Distribution, Inc., and Does A-L, inclusive, Defendants</u>, Docket No. SLM-L-000146-18 (hereinafter referenced as the "Underlying Complaint"). See Plaintiff Graham's Complaint attached as Exhibit "B."

12. In relevant part, the Underlying Complaint alleges:

<u>FIRST COUNT</u>

<u>NEGLIGENCE</u>

> 1. On or about December 1, 2017, plaintiff Harry M. Graham was operating a commercial tractor and trailer owned by Mill's Brothers Farm in a northerly direction on State Highway 77 in the area of milepost 5 in Upper Deerfield Township, Cumberland County, New Jersey.
>
> 2. At the above date an time, defendant Gary W. Smiley was operating a commercial tractor owned by defendants Tonido T. Dixon and/or Klockwork Trucking, LLC hauling a trailer owned by defendant Harris Storage & Distribution, Inc. in a general southerly direction on State Highway 77 in the area of milepost 5 in Upper Deerfield Township, Cumberland County, New Jersey.
>
> 3. Plaintiff is informed and believes, and based on such information and belief alleges, that at all times hereinmentioned defendant Gary W. Smiley was an agent and/or employee of defendants Tonido T. Dixon, Klockwork Trucking, Inc. and/or Harris Storage & Distribution, Inc....
>
> 4. At the aforementioned date, time, and place, defendant Gary W. Smiley operated and the aforesaid commercial tractor and trailer in a careless and/or negligent manner by failing to maintain his proper lane of travel by crossing the center line and proceeding into the lane of travel of the commercial tractor and trailer operated by plaintiff Harry M. Graham. ...

> 6. As a direct and proximate result of the carelessness and/or negligence of defendants Gary W. Smiley, Tonido T. Dixon, Klockwork Trucking, LLC, Harris Storage & Distribution, Inc. and Does A through F, inclusive, as aforesaid, plaintiff Harry M. Graham incurred, and will continue to incur, severe pain, suffering and mental and emotional anguish and upset and has sustained temporary and permanent injuries to his person generally, including, but not limited to, injuries to his head, neck, spinal column, arms, lower extremities, psychological trauma, for which he has in the past and in the future will be required to consult physicians, surgeons, and physical therapists for treatment, including but not limited to, therapy and counseling for treatment of post-traumatic stress disorder (PTSD) . . .

> ## SECOND COUNT
>
> ## NEGLIGENT ENTRUSTMENT
>
> . . .
>
> 2. Defendants Tonido T. Dixon, Klockwork Trucking, LLC and/or Harris Storage & Distribution, Inc. as the employer(s) of defendant Gary W. Smiley and/or owner(s) of the aforesaid commercial tractor and/or trailer had the right to permit and power to prohibit the use of the aforesaid tractor and/or trailer by defendant Gary W. Smiley.
>
> 3. Defendants Tonido T. Dixon, Klockwork Trucking, LLC and/or Harris Storage & Distribution, Inc. had a duty to investigate defendant Gary W. Smiley's driving history and/or otherwise determine whether Gary W. Smiley was a safe, fit, and competent driver of the commercial tractor and trailer being operated by him as aforesaid. . . .
>
> 5. On December 1, 2017, as aforesaid, defendants Tonido T. Dixon, Klockwork Trucking, LLC, Harris Storage & Distribution, Inc. […] knew or should have known that defendant Gary W. Smiley was not a safe, fit, or competent driver . . .

See Exhibit "B," First Count ¶¶ 1-4, 6, Second Count ¶¶ 2-3, 5.

**C. Insurance Policy**

13.    Following the submission of an application on behalf of Defendant Klockwork, Plaintiff OOIDA issued Commercial General Liability Policy No. PL 199525901 (hereinafter referred to as the "Policy") to Klockwork Trucking LLC, with effective dates of January 10, 2017, through January 10, 2018. See a True and Correct Copy of Policy No. PL 199525901 attached as Exhibit "C."

14.    Pursuant to Section II: Liability Coverage, the Policy states:

A. Coverage

>We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."
>
>\*\*\*
>
>We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate.
>
>. . .

See Exhibit "C," RPL 11 02 01 15, Page 3.

15.    When defining an Insured, the Policy provides as follows:

>a. You for any covered "auto"
>
>b. Anyone else while using your permission a covered "auto" you own, hire, or borrow except:
>
>>(1) the owner, or any "employee," agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto"
>>
>>(2) Your "employee" or agent if the covered "auto" is owned by the employee or agent or member of his or her household
>>
>>(3) Someone using a covered "auto" while he or she is working in the business of selling, servicing, repairing, parking, or storing "autos" unless that business is yours.
>>
>>(4) Anyone other than your "employees," partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees" while moving property to or from a covered "auto"
>>
>>(5) A partner (if you are a partnership), or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
>
>c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being exclusively in your business as a "motor carrier" for hire.
>
>. . .

See Exhibit "C," RPL 11 02 01 15, Page 3.

16.     Under the terms of the Policy, the Schedule of Covered Autos includes only a 2007 Freightliner tractor, registered in the State of New Jersey. See Exhibit "C," ITEM THREE – SCHEDULE OF COVERED AUTO YOU OWN, CA 00 19 01 09, referencing SCHEDULE OF COVERED AUTOS YOU OWN, RPL 11 01 12 95.

17.     With regard to liability coverage, the Policy provides coverage for only specifically described "autos" will be covered and reads in ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS:

> LIABILITY                                                67

See Exhibit "C," CA 00 19 01 09.

18.     Further, in the MOTOR CARRIER COVERAGE FORM, the Policy provides:

> SECTION I – COVERED AUTOS
>
> Item two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos". . . .
>
> | Symbol | | Description of Covered Auto Designation Symbols . . . |
> |---|---|---|
> | 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you do not own while attached to any Power unit described in Item Three. . . . |

See Exhibit "C," RPL 11 02 01 15, Page 1.

19.     By endorsement dated January 10, 2017, and titled "ADDITIONAL INSURED," Defendant Harris noted as an, ". . . "insured," but only with respect to legal responsibility for acts or omissions of a person for whom Liability Coverage is afforded under this policy. . . . ". Earlier, the Endorsement states, "The provisions and exclusions that apply to liability coverage also apply to this endorsement." See Exhibit "C," RPL 41 04 12 95.

20.     With regard to insured representations, the Policy provides:

  14. You warrant that any and all representations made by you in the Declarations, Application documents, and any endorsements for insurance are true and accurate to the best of your knowledge. You acknowledge that all representations made by you in the Declarations, Application documents, and any endorsements for insurance are material to us, and to the decision by us whether or not to insure you. You are obligated on a continuing basis to supplement or change any statement made by you in the Declarations, Application documents, or any endorsements for insurance if you become aware that an statement in those documents is no longer accurate or was not accurate at the time made. This includes, but is not limited to, convictions for traffic violations.

See Exhibit "C," RPL 11 02 01 15, Page 13.

21. With regard to Insured cooperation, the Policy provides:

  16. The Named Insured, its employees, and representatives, and those who may be defined as an "insured" as often as requested, shall submit to examination under oath by an person so designated by us and shall subscribe to same. As often as requested, the "insured," its employees and representatives, and those who may be "insured," shall produce for examination all books of accounts, bills, invoices, and other vouches (or other certified copies thereof if the originals are lost) and any other books and records which we deem helpful or necessary to determine an aspect of any claim under this Policy at a place designated by us. The "insured" shall permit us or our representative to take extracts or make copies of any these documents. Documents as used herein shall include documents in electronic form.

See Exhibit "C," RPL 11 02 01 15, Page 13.

22. Upon receipt of notice of the Underlying Lawsuit, the undersigned counsel for Plaintiff OOIDA reviewed the allegations of the Underlying Complaint and, in an abundance of caution, issued an initial Reservation of Rights/Non-Waiver dated September 26, 2018, informing the Defendants of Plaintiff OOIDA's intentions to retain counsel and defend the matter under the terms of same. See Reservation of Rights/Non-Waiver, attached as Exhibit "D."

23. Upon receipt of additional information, the undersigned counsel for Plaintiff OOIDA issued a supplemented Reservation of Rights/Denial/Non-Waiver dated October 16, 2018, informing the Defendants of Plaintiff OOIDA's intention to retain counsel and defend the matter under the terms of

same with regard to Defendants Klockwork, Dixon and Harris, but denying coverage and a defense to Defendant Smiley. See Reservation of Rights/Denial/Non-Waiver, attached as Exhibit "E."

## COUNT I: DECLARATORY RELIEF

24. Plaintiff OOIDA incorporates herein and by reference the preceding paragraphs of this Declaratory Judgment Complaint, as if set forth herein at length.

25. In summary, the Underlying Complaint seeks relief in the form of monetary damages for injuries allegedly sustained by Mr. Graham as a result of the motor vehicle collision which occurred on December 2, 2017.

26. Plaintiff OOIDA seeks a declaration that it owes no obligation to the Defendants based on the terms, definitions, declaration, endorsements, exclusions, conditions, and/or other policy language included in the Policy at issue.

27. Under the terms, definitions, declarations, endorsements, exclusions, conditions, and other language included in the Policy at issue, coverage is only provided for the listed 2007 Freightliner tractor, and not the 1999 Freightliner tractor owned by Defendant Dixon and being operated without permission by Defendant Smiley.

28. At the time of the accident, Defendant Smiley was operating the 1999 Freightliner without the permission of Defendant Klockwork and/or Dixon and, as such, there is no coverage under the terms, definitions, endorsements, exclusions, conditions, and other language included in the Policy at issue.

29. As there is no coverage for the above-mentioned reasons, pursuant to the terms, definitions, endorsements, exclusions, conditions, and other language included in the Policy at issue, there is no coverage for Defendant Harris as an Additional Insured.

30. Plaintiff OOIDA reserves the right to amend and/or supplement the allegations with regard to coverage as this litigation progresses.

**WHEREFORE,** Plaintiff OOIDA Risk Retention Group, Inc., respectfully request that this Court grant Declaratory Relief, pursuant to applicable law, in the form of an Order that:

a. Plaintiff OOIDA has no duty under the Policy at issue to pay defense costs to or on behalf of the Defendants with regard to the allegations in the Underlying Complaint, or any other action asserted as a result of the accident of December 2, 2017;

b. Plaintiff OOIDA has no duty under the Policy at issue to indemnify Defendants with regard to the allegations in the underlying Complaint, or any other action asserted by any party as a result of the accident of December 2, 2017;

c. Plaintiff OOIDA has no duty under the Policy at issue to pay any monies to or on behalf of Defendants with regard to the allegations of the Underlying Complaint on any other action asserted by any other party as a result of the accident of December 2, 2017; and

d. Such other further relief as may deemed appropriate by the Court.

George T. McCool, Jr.
State ID No. 034441984
**WRIGHT & O'DONNELL, P.C.**
15 East Ridge Pike, Suite 570
Conshohocken, PA 19401
610-940-4092
gmccool@wright-odonnell.com
*Attorneys for OOIDA Risk Retention Group, Inc.*

Date: 10/26/18