IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **OOIDA RISK RETENTION GROUP, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **KLOCKWORK TRUCKING, INC., et. al**, <br><br> Defendants. | Civil No. 18-15356 (NLH/JS) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion for Summary Judgment and Request for Declaratory Relief" ("motion") [Doc. No. 24] filed by plaintiff OOIDA Risk Retention Group, Inc. ("OOIDA") and the Cross-Motion for Summary Judgment ("cross motion") [Doc. No. 25] filed by defendant Harris Storage & Distribution, Inc. ("Harris Storage"). The Court received plaintiff's response [Doc. No. 26] and defendant's reply [Doc. No. 27]. No opposition was filed by the remaining defendants. The Court exercises its discretion to decide the parties' motions without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case [Doc. No. 22]. For the following reasons, plaintiff's motion is GRANTED and defendant's cross-motion is DENIED.

Background

This matter concerns an action for declaratory judgment by an insurance company, OOIDA, against its policyholder, Klockwork Trucking, LLC ("Klockwork"), and defendants Tonido Dixon ("Dixon"), Harris Storage, and Gary Smiley ("Smiley"). Dixon owns Klockwork. Plaintiff seeks a declaration that it is not responsible for defending or indemnifying defendants in an underlying action, Harry M. Graham v. Gary W. Smiley, et al., pending in the Superior Court of New Jersey, Law Division, Docket No. SLM-L-000146-18 (hereinafter, "underlying action"). See Compl. ¶ 11 [Doc. No. 1].

Plaintiff filed its initial complaint in state court which was removed to federal court on October 26, 2018. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201. See Compl. ¶¶ 24-30; see also Am. Compl. ¶¶ 24-30 [Doc. No. 5]. Harris Storage filed its answer on December 10, 2018. See Def.'s Answer [Doc. No. 10]. On January 11, 2019, the Clerk of the Court filed an entry of default as to defendants Klockwork, Dixon, and Smiley because of their failure to plead or otherwise defend the action. [Doc. Nos. 14-16]. The matter was subsequently referred to this Court by Order of Consent. See Order, Jan. 22, 2019 [Doc. No. 22]. Thus, Harris Storage is the only named defendant actively defending this action.

The underlying action arises from an accident that occurred on or about December 2, 2017.[1] See Pl.'s Statement of Material Facts ("SMF") ¶ 1 [Doc. No. 24]. At the time of the accident, Smiley was driving a 1999 Freightliner tractor owned by Dixon and hauling a trailer owned by Harris Storage. Id. at ¶ 18. Smiley was driving the tractor without the permission of Dixon and/or Klockwork Trucking. Id. Harry M. Graham was injured in the accident and subsequently filed suit in state court asserting claims of negligence against Smiley, Dixon, Klockwork and Harris Storage. Id. ¶¶ 2-3.

Plaintiff OOIDA issued Commercial General Liability Policy No. PL 199525901 ("policy") to Klockwork with effective dates of January 10, 2017 through January 10, 2018. Pl.'s SMF at ¶ 7. The first page of the policy reads as follows:

**IMPORTANT NOTICE**

> Coverage for insured vehicles is only provided if being driven by person(s) reported to your agent and accepted by underwriters. It is extremely important that you notify us immediately to add or delete drivers. New drivers must be reported prior to engaging in any driving duties.
>
> The policy covers scheduled vehicles only. All new and/or replacement vehicles should be reported to us immediately. It is imperative that you notify your agent prior to placing new vehicles in operation.

See Mot. Ex. C at 3 [Doc. No. 24-7].

---

[1] The facts discussed throughout this Opinion, where not otherwise indicated, are the facts in plaintiff's Statement of Material Facts ("SMF") which are not disputed by Harris Storage.

3

Under "Section II: Liability Coverage," the policy states:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." . . . We will have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

Id. at 25. The policy defines "insureds" to include the following:[2]

> (a) You for any covered "auto" [;] (b) Anyone else while using with your permission a covered "auto" you own, hire or borrow except: (1) The owner, or an "employee," agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto." . . . (c) The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business as a "motor carrier" for hire.

Id. The Schedule of Covered Autos on the policy includes only a 2007 Freightliner tractor, registered in the State of New Jersey. Id. at 52. As for liability, the policy offers coverage for "Specifically Described 'autos'" where a premium charge is shown, which includes any "trailers" not owned "while attached to any power unit described in the [Schedule of Covered Autos]." See id. at 23. By endorsement dated January 10, 2017 and titled "ADDITIONAL

---

[2] The Policy defines "you" and "your" as the named insured on the Declaration, i.e., the policyholder, Klockwork. Mot. Ex. C at 23. The words "we," "us," and "our" refer to the company, OOIDA Risk Retention Group, Inc. Id.

4

INSURED", Harris Storage is noted as an "'insured,' but only with respect to legal responsibility for acts or omissions of a person for whom Liability Coverage is afforded" under the policy. See id. at 9. The additional insured endorsement provides "[t]he provisions and exclusions that apply to liability coverage also apply to this endorsement." Id. The policy also provides as follows:

> You warrant that any and all representatives made by you in the Declarations, Application documents and any endorsements for insurance are true and accurate to the best of your knowledge. You acknowledge that all representations made by you in the Declarations, Application documents and any endorsements for insurance are materials to us, and to the decision by us whether or not to insure you. You are obligated on a continuing basis to supplement or change any statement made by you in Declarations, Application documents or any endorsements for insurance if you become aware that any statement in those documents is no longer accurate or was not accurate at the time made.

Id. at 35.

Dixon acknowledged at his deposition that he is the only driver listed on the policy. Pl.'s SMF ¶ 20. Dixon also verified his signature and title where his name appears on the policy. Id. Dixon further testified he did not put plaintiff on notice that anyone else drove the truck while Klockwork was insured, he did not list any other trucks on the policy, and that defendant Smiley did not have permission to drive the 1999 Freightliner. See id. ¶¶ 21-28. Smiley was not an agent and/or employee of Klockwork and/or

Harris Storage, and Dixon did not entrust Smiley with the tractor on the date of the accident. Id. ¶¶ 29-30.

By reason of default, plaintiff contends the allegations in its complaint are deemed admitted as to defendants Dixon, Klockwork, and Smiley. Pl.'s SMF ¶¶ 31-32. Plaintiff further contends there is no genuine dispute concerning the fact that the tractor and its driver (Smiley), were not scheduled on the policy and that Smiley's use was non-permissive. Id. ¶ 33. Therefore, plaintiff argues, it owes no duty to defend or indemnify Harris Storage and that its motion should be granted.[3] Id.

In its cross-motion, Harris Storage asserts it is entitled to a defense and indemnification because it qualifies as an insured and its trailer is a covered auto under the terms of the policy. See Def.'s Cross Mot. [Doc. 25-3]. Specifically, Harris Storage alleges that the insured, Klockwork, is a motor carrier for hire who hauls goods belonging to others, namely for Harris Storage. See Def.'s Statement of Material Facts ("SMF") ¶¶ 1-2 [Doc. No. 25-1]. It further alleges the insured "hauls exclusively" for Harris Storage and that the parties entered into a trailer interchange agreement, which required Klockwork to provide insurance for Harris Storage's trailers and to name Harris Storage

---

[3] Harris Storage alleges there is a genuine dispute concerning coverage under the Policy. See Resp. to Pl.'s SMF ¶ 33 [Doc. No. 25-1].

as an additional insured on the policy. See id. at ¶ 3. Because Dixon "thought he paid $150.00 for the coverage he needed to cover [its] trailers" and requested coverage for "non-owned shipper/broker trailers," Harris Storage contends its trailer should be covered by plaintiff. See id. ¶¶ 4-11. Therefore, Harris avers plaintiff's motion should be denied and its cross-motion granted.

Plaintiff denies defendant's characterization of the policy's terms, which it alleges speak for itself. See Pl.'s Resp. ¶¶ 1-11 [Doc. No. 26]. Plaintiff contends that coverage for Harris Storage's trailer is conditioned upon the trailer being attached to a scheduled vehicle, e.g., the 2007 Freightliner tractor. Id. at ¶ 6. Plaintiff also contends coverage for Harris Storage's trailer is conditioned upon an authorized person driving a listed or scheduled tractor. Id. at ¶ 5. In reply, Harris Storage asserts it is entitled to coverage and its cross-motion should be granted. See Def.'s SMF.

Discussion

A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56, summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . demonstrate the

7

absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Summary judgment is not appropriate if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (citations omitted). The materiality of a fact turns on whether under the governing substantive law a dispute over the fact might have an effect on the outcome of the suit. Id. The Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2009) (citation omitted).

The moving party bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 322-23. Once the burden is met, the burden shifts to the non-moving party to "set forth specific facts showing that there [are] . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and present

8

affirmative evidence demonstrating that there is a genuine issue for trial. Id. at 256-57; FED. R. CIV. P. 56(c)(1)(A). Additionally, "if the non-moving party's evidence 'is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted.'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 890-91 (3d Cir. 1992) (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).

B. Policy Language

The Court rules that, at the time of the accident in question, Harris Storage's trailer was not covered under plaintiff's policy because it was not attached to a scheduled vehicle. Further, there is no coverage for Harris Storage because the accident at issue occurred when a non-authorized person was driving a tractor that was not listed on the policy.[4]

"[I]t has long been the law in [New Jersey] that when the contract is clear the court is bound to enforce the contract as it finds it." Connecticut Indem. Co. v. Williams, C.A. No. 03-3403

---

[4] Due to the entry of default against defendants Tonido Dixon, Klockwork Trucking, LLC, and Gary Smiley, the allegations against them are deemed admitted as true and as such, the Court will grant plaintiff's motion as to them. See Comdyne I, In. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quotation and citation omitted) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (citation and quotation omitted)).

9

(WHW), 2005 WL 1366517, at *4 (D.N.J. June 7, 2005) (quoting James v. Federal Ins. Co., 5 N.J. 21, 24 (1950)). "If the language is unambiguous, interpretation of the contract is a matter of law for the court." St. Paul Fire and Marine Ins. Co. v. U.S. Fire Ins. Co., 655 F.2d 521, 524 (3d Cir. 1981). A court should read an insurance policy's provisions to avoid ambiguities and "not torture the language to create them." Id. When plainly expressed, "insurers are entitled to have liability limitations construed and enforced as expressed." Sinopoli v. North River Ins. Co., 244 N.J. Super 245, 251, (N.J. Super. Ct. App. Div. 1990), cert. denied, 127 N.J. 325 (1991) (citations omitted).

The terms of an insurance policy are to be given their plain, ordinary meaning. See Gibson v. Callaghan, 158 N.J. 662, 670 (1999) (citing Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 175 (1992)). Absent ambiguity, "courts should not write for the insured a better policy of insurance than the one purchased." Id. (quotation omitted). However, insurance policies "are contracts of adhesion and as such, [they] are subject to special rules of interpretation." Id. at 669. If the policy's terms are ambiguous, courts interpret the contract to comport with the "objectively reasonable expectations of applicants and intended beneficiaries." Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001). This fundamental rule of interpretation is the "doctrine of reasonable expectations." Id. Yet, in the absence of ambiguity, the doctrine

10

does not apply, and the terms of the policy are enforced as written. See id. at 597; see also DiOrio v. New Jersey Mfrs. Ins. Co., 79 N.J. 257, 269 (1979).

In Zacarias, the New Jersey Supreme Court held the terms of a boatowner's insurance policy were unambiguous and enforceable because the policy's "language [was] direct and ordinary." Zacarias, 168 N.J. at 601. The court noted the provisions were set forth in "[l]arge and bold type," clearly spaced, and that it did "not require an entangled and professional interpretation to be understood." Id.; see also DiOrio, 79 N.J. at 270 (finding "non-owned" auto provision was clear and conspicuous, "effected by the placement of the coverage And definition provisions . . . on the first page of the policy"); Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 235-36 (1979) (holding "business risk" provision was unambiguous and enforceable). However, "[s]uch claims must nevertheless be otherwise cognizable under the general grant of coverage in the first instance in order to constitute a claim 'to which this insurance applies.'" Weedo, 81 N.J. at 249.

The key facts in the case are not disputed. Harris Storage is an additional insured under plaintiff's policy. At the time of the accident in question, Smiley was not listed as an authorized driver on plaintiff's policy. Smiley was driving a tractor that was not covered under plaintiff's policy. Harris Storage's trailer was attached to a tractor that was not covered under plaintiff's

11

policy. Given these undisputed facts, the Court is constrained to grant plaintiff's summary judgment motion and to deny defendant's cross-motion.

The Court must rule in plaintiff's favor based on the clear and unambiguous language in plaintiff's policy. The vehicle Smiley was driving at the time of his accident was not covered under the policy. The policy only covers the listed 2007 Freightliner. Consequently, the policy does not provide for coverage for an accident that occurs while the 1999 Freightliner is being driven. This is so because the 1999 Freightliner is a non-covered vehicle. Further, the policy only provides coverage for an accident involving a listed driver. It is not disputed that Smiley is not a listed driver.

Defendant reads plaintiff's policy too broadly and does not account for all relevant provisions in the policy. Defendant relies upon the "Motor Carrier Coverage Form, Section I, Covered Autos" which provides as follows:

| 67 | Specifically described "autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you do not own while attached to any power unit described in the Item Three). |

See Mot. Ex. C at 23. Defendant argues that since Item Three of the Declaration page indicates that a premium ($150.00) is charged for "Undescribed/DV Trailer," the first part of the foregoing

12

sentence provides coverage for its trailer. Defendant argues coverage is provided no matter what tractor the trailer attaches to and no matter who is driving the tractor.

Defendant reads plaintiff's policy too broadly. Defendant ignores the unequivocal requirement in plaintiff's policy that even though Harris Storage is an additional insured, it is only "with respect to legal responsibility for acts or omissions of a person for whom Liability Coverage is afforded under [the] policy." See Mot. Ex. C at 9. In addition, the policy provides that there is only coverage for insured vehicles if the vehicle is driven by a person accepted by plaintiff's underwriters. Id. at 3. In the underlying case, the plaintiff (Graham) is seeking to impose liability on Harris Storage based on Smiley's actions. Since Smiley is not listed or approved under plaintiff's policy, and he is therefore not entitled to coverage under the policy, Harris Storage is not entitled to coverage. Under plaintiff's policy, Harris Storage is not entitled to coverage for an accident involving a driver that is not covered under the policy. If the Court accepted defendant's argument, Harris Storage would get coverage for an accident involving a non-insured driver. This would result in the anomalous situation where an additional insured under plaintiff's policy is entitled to broader coverage than the insured. This could not have been the intent under the policy.

Further, given the language and purpose of the policy, it is evident that full coverage for the "Undescribed/DV Trailer" in the Schedule of Covered Autos only applies if the trailer is attached to a power unit or tractor listed under the policy, i.e., the 2007 Freightliner. Since defendant's trailer was attached to a non-covered tractor (1999 Freightliner), defendant's trailer is not covered. This reading of the policy is made evident since the "Additional Insured" endorsement specifically provides that, "[t]he provisions and exclusions that apply to Liability Coverage also apply to [the additional insured] endorsement." Mot. Ex. C at 9. Since it is clear under plaintiff's policy that only the 2007 Freightliner is covered, there is no coverage for an accident involving a non-scheduled tractor such as the 1999 Freightliner Smiley was driving at the time of the subject accident.

Conclusion

For all the foregoing reasons, the Court finds plaintiff owes no duty to defend or indemnify defendants in the underlying action captioned <u>Harry M. Graham v. Gary W. Smiley, et al.</u>, in the Superior Court of New Jersey, Law Division, Docket No. SLM-L-000146-18.

## **ORDER**

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 19th day of December 2019, that plaintiff's "Motion for Summary Judgment and Request for Declaratory Relief" [Doc. No. 24] is GRANTED; and it is further

ORDERED that defendant's "Cross Motion for Summary Judgment" [Doc. No. 25] is DENIED[5]; and it is further

ORDERED that since judgment is entered in plaintiff's favor and against defendant, the Clerk of the Court shall close this matter.

                                                s/ Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge

Dated: December 19, 2019

---

[5] This Order does not address any claim Harris Storage may have against Klockwork, Dixon, or Smiley.